**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


JEFFREY J. HARVEY,              :
                                        Civil Action No. 04-5418 (WGB)
          Petitioner,           :

     v.                         :    OPINION

OSCAR AVILES,                   :

          Respondent.           :
```

**APPEARANCES:**

Petitioner pro se                Counsel for Respondent
Jeffrey J. Harvey                Susan B. Gyss, Esq.
Hudson County Jail               Asst. Hudson Co. Prosecutor
35 Hackensack Avenue             595 Newark Avenue
Kearny, NJ 07032                 Jersey City, NJ  07306

BASSLER, District Judge

Petitioner Jeffrey J. Harvey, a prisoner currently confined at Hudson County Jail, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.[1]  The respondent is Oscar Aviles.

For the reasons stated herein, the Petition must be denied.

---

[1] Section 2254 provides in relevant part:

(a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

## I.  BACKGROUND

Petitioner's claims arise out of several separate convictions.

On December 7, 1989, Petitioner was arrested for receiving stolen property, which resulted in Hudson County Indictment 1010-03-90.  On October 22, 1990, Petitioner entered a plea of guilty and, on November 30, 1990, Petitioner was sentenced to a term of thirty-six months probation.  He received 130 days credit for time served as a condition of probation.

On March 6, 1992, Petitioner pleaded guilty to a violation of probation and was sentenced to three years in state prison.  He did not receive credit for the 130 days already served.  Petitioner filed an appeal challenging the sentence, which was later withdrawn, allegedly without Petitioner's permission.  No briefs were filed in this appeal, so it is not clear on what grounds Petitioner intended to appeal the sentence.

Petitioner then filed a state-court motion for post-conviction relief, which resulted in an amended Judgment of Conviction granting him an additional 130 days jail credit, on the three-year probation violation sentence, for the time already served.  Petitioner filed a second state-court motion for post-conviction relief seeking jail credit for 60 days served on parole for Bergen County Indictment #149-90.  On September 19, 2001, this motion was denied.  The Superior Court, Appellate

Division, affirmed the denial of jail credits for the separate Bergen County conviction.

    Defendant Jeffrey Jerome Harvey appeals from an order entered on September 19, 2001, denying his petition for post-conviction relief.  Defendant sought sixty days jail time from a sentence on a conviction out of Bergen County to be credited on a Hudson County conviction for which he was sentenced for a violation of probation.  Because Hudson County was supervising defendant on the Bergen County conviction, defendant claims that he is entitled to the jail credit.  We disagree and affirm.

    The relevant history may be summarized as follows.  On September 13, 1990, defendant pled guilty to fourth-degree receiving stolen property under Bergen County Indictment 149-90-04.  On January 4, 1991, he was sentenced to a probationary period of five years, with the condition that he serve 180 days in the Bergen County Jail as a special condition of probation.  He received 56 days of credit for time served covering the periods of November 10, 1989, the date of arrest on the charge to December 1, 1989; from April 18, 1990 to April 19, 1990; and from December 4, 1990 to January 4, 1991.

    On October 22, 1990, defendant pled guilty to third-degree receiving stolen property under Hudson County Indictment 1010-03-90, for an offense that occurred on December 7, 1989, which was after his arrest on the Bergen County matter and while he was out on bail from the Bergen County charge.  On November 30, 1990, before being sentenced on the prior Bergen County conviction, defendant was sentenced on the Hudson County offense to a three-year period of probation, with a special condition that he serve 130 days, time served, at the Hudson County Jail.  The judgment of conviction credited defendant with the 130 days for December 7, 1989, the date of his arrest on that charge, and from July 25, 1990 to November 30, 1990.

    On March 6, 1992, defendant pled guilty in Hudson county to a charge of violation of probation of the sentence imposed on indictment 1010-03-90.  On that same date, defendant was sentenced to a three-year term of incarceration.  The judgment of conviction credit4ed

defendant with thirty-three additional days, for time served from February 3, 1992 to March 6, 1992.

Defendant apparently filed an appeal from the March 6, 1992, Hudson County judgment of conviction on the violation of probation sentence, under Docket N8umber A-5267-91T4. Purportedly, that appeal was withdrawn without defendant's consent. The record before us does not contain any documents pertaining to that appeal.

Thereafter, defendant filed a petition for post-conviction relief in the Law Division in Hudson county seeking additional jail credits. That petition was heard on February 27, 1997. The transcript of that hearing reflects that the judge granted defendant's "application as to the 130 days credit for the sentence on Indictment 1010 of the March 90 term and the Court will prepare an amended judgment of conviction." The transcript discloses that the State consented to the PCR application being granted. The February 27, 1997 order issued b y the court simply states that the PCR application "is granted for the reasons set forth on the record." The record on appeal does not contain an amended judgment of conviction, if indeed one was entered.

In the interim, defendant was convicted of what appears to have been first-degree armed robbery and unlawful possession of a weapon, under Hudson County Indictment 822-05-92, which was the basis for his violation of probation conviction on Indictment 1010-03-90. The court sentenced defendant to a twenty-year prison term, with a five-year parole bar, consecutive to the three-year term imposed on the violation of probation. On appeal, that judgment of conviction was apparently affirmed, as was a denial of a PCR in that case. Once again, the record in this appeal doesn ot contain copies of the judgment of conviction, nor any orders or decisions of this court entered in that matter.

However, purportedly, the issue of jail credits in 1010-03-90 was attempted to be raised in the PCR in 822-05-92, but was relegated to a second PCR in 1010-03-90, which was denied by the order issued on September 19, 2001, which is the subject of this appeal. Apparently, there was no hearing; rather, the

4

>    judge considered the matter on the papers submitted and
>    denied the application "for the reasons stated in the
>    Prosecutor's brief dated 14th day of September 2000[.]"
>    The record on appeal fails to contain a copy of that
>    September 14, 2000 brief.
>
>    Defendant seeks to amend the March 6, 1992
>    judgment of conviction and be credited an additional
>    sixty days of jail credit, constituting the difference
>    between the 180-day term imposed as a condition of the
>    Bergen County sentence and the 120-day period he spent
>    in Bergen County Jail, after which he was "released on
>    Hudson County parole for the remainder of his sentence,
>    60 days, which parole he served and completed."
>
>    The State contends that defendant is not entitled
>    to the sixty days of parole credit because they were
>    related to his Bergen County sentence and that
>    defendant "is not eligible for credit from time served
>    on his Bergen County conviction on his violation of
>    probation from his Hudson County conviction because the
>    two charges are not directly attributable to one
>    another."  The State argues that is so because his
>    probation was only transferred to Hudson County for
>    supervision and was not merged with the three-year
>    probationary term he received in Hudson.  We agree.
>    There is no authority to award such credit merely
>    because Hudson County agreed to courtesy supervision of
>    defendant on his Bergen County conviction.
>
>    Furthermore, there is no ineffective assistance of
>    counsel because the outcome would be no different even
>    if the prior appeal had not been withdrawn and if his
>    then counsel had raised this very issue.
>
>    ...
>
>    The order denying post-conviction relief is
>    affirmed.

(Opinion of the Appellate Division, Ra127-Ra132.)  On September

23, 2004, the Supreme Court of New Jersey denied the petition for

certification.

It is this sentence which Petitioner purports to challenge in his Petition pending before this Court.

As noted above, in 1992, Petitioner was indicted, and subsequently convicted, for armed robbery and weapons offenses in Hudson County Indictment No. 822-05-92.  Petitioner was sentenced to an aggregate term of twenty years' imprisonment with a five year period of parole ineligibility, to be served consecutively to any probation violation sentence.  The Appellate Division affirmed the conviction and the Supreme Court of New Jersey denied certification.  Petitioner filed a state-court motion for post-conviction relief which was denied.  The denial of relief was affirmed by the Appellate Division and the Supreme Court of New Jersey denied certification in 2000.  Petitioner previously has challenged this conviction by means of an unsuccessful § 2254 petition in this Court.  See Harvey v. Ortiz, Civil Action No. 01-3520 (KSH).

Before this Court, Petitioner alleges that he should have received credit for both the 130 days jail time served on Indictment No. 1010-03-90 and the 60 days parole served on Bergen County Indictment No. 149-90.  He couches this claim in arguments of double jeopardy and ineffective assistance of counsel.  He also claims that his appellate counsel provided ineffective assistance by withdrawing his appeal from his conviction on

Indictment No. 1010-03-90.  Finally, he claims that his counsel on post-conviction relief provided ineffective assistance.[2]

In their Answer, Respondents assert that the Petition is untimely, unexhausted (because Petitioner has not exhausted any claim regarding the calculation of his release date and the double-jeopardy claim),[3] an abuse of the writ, and meritless.

## II.  28 U.S.C. § 2254

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

---

[2] Ineffective assistance of counsel in state court post-conviction relief proceedings is specifically excluded as a grounds for relief by 28 U.S.C. § 2254(i).  Accordingly, Petitioner is not entitled to relief on this claim, regardless of the nature of the purported error.

[3] This Court does not construe the Petition as asserting any claim of mere miscalculation of Petitioner's release date, but construes the Petition as asserting that Petitioner has not been awarded the proper jail time credits in his judgment of conviction.  The Petition challenges the legality of the sentence.  To the extent the Petition could be construed as asserting a claim that jail officials have miscalculated his release date, the Court agrees that this claim is not exhausted and, therefore, is not a proper claim for relief in this Petition.  See 28 U.S.C. § 2254(b)(1).

With respect to any claim adjudicated on the merits in state court proceedings, the writ shall not issue unless the adjudication of the claim

> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determinated by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d).

A state court decision is "contrary to" Supreme Court precedent "if the state court applies a rule that contradicts the governing law set forth in [Supreme Court] cases," or "if the state court confronts a set of facts that are materially indistinguishable from a decision of th[e] Court and nevertheless arrives at a result different from [the Court's] precedent." Williams v. Taylor, 529 U.S. 362, 405-06 (2000) (O'Connor, J., for the Court, Part II).  A state court decision "involve[s] an unreasonable application" of federal law "if the state court identifies the correct governing legal rule from [the Supreme] Court's cases but unreasonably applies it to the facts of the particular state prisoner's case," and may involve an "unreasonable application" of federal law "if the state court either unreasonably extends a legal principle from [the Supreme Court's] precedent to a new context where it should not apply or unreasonably refuses to extend that principle to a new context

8

where it should apply," (although the Supreme Court expressly declined to decide the latter). <u>Id.</u> at 407-09. To be an "unreasonable application" of clearly established federal law, the state court's application must be objectively unreasonable. <u>Id.</u> at 409. In determining whether the state court's application of Supreme Court precedent was objectively unreasonable, a habeas court may consider the decisions of inferior federal courts. <u>Matteo v. Superintendent</u>, 171 F.3d 877, 890 (3d Cir. 1999).

Even a summary adjudication by the state court on the merits of a claim is entitled to § 2254(d) deference. <u>Chadwick v. Janecka</u>, 302 F.3d 107, 116 (3d Cir. 2002) (<u>citing</u> <u>Weeks v. Angelone</u>, 528 U.S. 225, 237 (2000)). With respect to claims presented to, but unadjudicated by, the state courts, however, a federal court may exercise pre-AEDPA independent judgment. <u>See</u> <u>Hameen v. State of Delaware</u>, 212 F.3d 226, 248 (3d Cir. 2000), <u>cert. denied</u>, 532 U.S. 924 (2001); <u>Purnell v. Hendricks</u>, 2000 WL 1523144, *6 n.4 (D.N.J. 2000). <u>See also</u> <u>Schoenberger v. Russell</u>, 290 F.3d 831, 842 (6th Cir. 2002) (Moore, J., concurring) (and cases discussed therein).

The deference required by § 2254(d) applies without regard to whether the state court cites to Supreme Court or other federal caselaw, "as long as the reasoning of the state court does not contradict relevant Supreme Court precedent." <u>Priester v. Vaughn</u>, 382 F.3d 394, 398 (3d Cir. 2004) (citing <u>Early v.

9

Packer, 537 U.S. 3 (2002); Woodford v. Visciotti, 537 U.S. 19 (2002)).

Although a petition for writ of habeas corpus may not be granted if the Petitioner has failed to exhaust his remedies in state court, a petition may be denied on the merits notwithstanding the petitioner's failure to exhaust his state court remedies. See 28 U.S.C. § 2254(b)(2); Lambert v. Blackwell, 387 F.3d 210, 260 n.42 (3d Cir. 2004); Lewis v. Pinchak, 348 F.3d 355, 357 (3d Cir. 2003).

Finally, a pro se pleading is held to less stringent standards than more formal pleadings drafted by lawyers. Estelle v. Gamble, 429 U.S. 97, 106 (1976); Haines v. Kerner, 404 U.S. 519, 520 (1972). A pro se habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998); Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989); United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), cert. denied, 399 U.S. 912 (1970).

### III.  ANALYSIS

Petitioner asserts that he is entitled to jail time credits for 130 days served on the conviction for Hudson County Indictment No 1010-03-90 and for 60 days served on Bergen County Indictment No. 149-90. Petitioner contends that appellate counsel's failure to advance this argument subjected him to

ineffective assistance of appellate counsel and that the failure to award him these jail credits subjected him to double jeopardy.

A.  Double Jeopardy

The Double Jeopardy Clause of the Fifth Amendment provides that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const., Amendment V. The Double Jeopardy Clause prohibits multiple punishments for the same offense. Stiver v. Meko, 130 F.3d 574 (3d Cir. 1997).

Petitioner's Double Jeopardy claim seems to be that the failure to give him credit for the jail time already served amounted to an increase in his sentence when he was sentenced for the probation violation. (Petitioner's Brief at 19.)

Here, while not addressing Petitioner's claim under Double Jeopardy law, the Appellate Division has determined that, as a matter of state law, the state post-conviction-relief court correctly granted Petitioner 130 days credit for the time previously served on the same Hudson County Indictment No. 1010-03-90 and correctly denied Petitioner credit for the 60 days served on the Bergen County indictment.

Respondents correctly point out that interpretation of state law regarding jail credits for time served is a matter of state law not cognizable on federal habeas review. See Travis v. A.L. Lockhart, 925 F.2d 1095, 1097 (8th Cir. 1991); Lewis v. Caldwell, 609 F.2d 926, 928 (8th Cir. 1980); Beto v. Sykes, 403 F.2d 664,

11

665 (5th Cir. 1968); Hoover v. Snyder, 904 F.Supp. 232, 234 (D.Del. 1995).  The claim of failure to award proper jail credits is cognizable only to the extent it raises a separate constitutional claim, here, a claim of double jeopardy.

This Court can discern no error of state law, however, and no error of constitutional dimension in the awarding of jail credits.  Petitioner has been granted credit for the 130 days attributable to this offense.  As Petitioner has not been subjected to multiple punishments for the same offense, he has not been subjected to a violation of the Double Jeopardy Clause.  See Stiver, 130 F.3d at 578-79.  Accordingly, Petitioner is not entitled to relief on his Double Jeopardy Clause claim.  See 28 U.S.C. § 2254(b)(2).

B.   Ineffective Assistance of Appellate Counsel

The Counsel Clause of the Sixth Amendment provides that a criminal defendant "shall enjoy the right ... to have the Assistance of Counsel for his defence."  U.S. Const. amend. VI.  The right to counsel is "the right to effective assistance of counsel."  McMann v. Richardson, 397 U.S. 759, 771 n.14 (1970) (emphasis added).

To prevail on a claim of ineffective assistance of counsel, a habeas petitioner must show both that his counsel's performance fell below an objective standard of reasonable professional assistance and that there is a reasonable probability that, but

for counsel's unprofessional errors, the outcome would have been different.  Strickland v. Washington, 466 U.S. 668, 687, 694 (1984).  A "reasonable probability" is "a probability sufficient to undermine confidence in the outcome."  Strickland at 694.  Counsel's errors must have been "so serious as to deprive the defendant of a fair trial, a trial whose result is reliable."  Id. at 687.  "When a defendant challenges a conviction, the question is whether there is a reasonable probability that, absent the errors, the factfinder would have had a reasonable doubt respecting guilt."  Id. at 695.

The performance and prejudice prongs of Strickland may be addressed in either order, and "[i]f it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice ... that course should be followed."  Id. at 697.

There is "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland, 466 U.S. at 689.  As a general matter, strategic choices made by counsel after a thorough investigation of the facts and law are "virtually unchallengeable," though strategic choices "made after less than complete investigation are reasonable precisely to the extent that reasonable professional judgments support the limitations on investigation."  Id. at 690-91.  If counsel has been deficient in any way, however, the habeas court must determine whether the cumulative effect of

13

counsel's errors prejudiced the defendant within the meaning of Strickland.  See Berryman v. Morton, 100 F.3d 1089, 1101-02 (3d Cir. 1996).

The Supreme Court has held that the Due Process Clause of the Fourteenth Amendment guarantees a defendant the effective assistance of counsel on a first direct appeal as of right. Evitts v. Lucey, 469 U.S. 387 (1985).  The Strickland standard for effective assistance of counsel applies to appellate counsel. See Lewis v. Johnson, 359 F.3d 646, 656 (3d Cir. 2004). Appellate counsel does not have a duty to advance every nonfrivolous argument that could be made, see Jones v. Barnes, 463 U.S. 745, 754 (1983), but a petitioner may establish that appellate counsel was constitutionally ineffective "if he shows that counsel omitted significant and obvious issues while pursuing issues that were clearly and significantly weaker," Mayo v. Henderson, 13 F.3d 528, 533 (2d Cir. 1994).

Here, the Appellate Division found that Petitioner had failed to establish a claim of ineffective assistance of appellate counsel because "the outcome would be no different" if appellate counsel had pressed Petitioner's post-conviction-relief claims on direct appeal.

The Appellate Division's decision was not contrary to, nor an unreasonable application of, clearly established federal law, nor did it result in a decision based on an unreasonable

14

determination of the facts.  Accordingly, Petitioner is not entitled to relief on this claim.

## IV.  CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003).  "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).

V.   CONCLUSION

For the reasons set forth above, the Petition must be denied.  An appropriate order follows.


                                             /S/ WILLIAM G. BASSLER
                                             William G. Bassler
                                             Senior United States District Judge

Dated: 10 March 2006